IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BLAINE DYER and )<br>JAMES ("JIMMY") DYER, )<br>)<br>Defendants. ) | Case No. CR-22-00209-JD |

**ORDER**

Before the Court is the Joint Motion to Continue Jury Trial and to Extend the Time to File Pretrial Motions ("Motion") [Doc. No. 27] filed on behalf of Defendants Blaine Dyer and James Dyer ("Defendants"). The United States filed a response ("Response") [Doc. No. 33], and the Court set this matter for hearing in [Doc. No. 30].[1] The Motion requests that the Court continue the jury trial setting of July 12, 2022, to the May or June 2023, jury docket, and find the continuance excludable under the Speedy Trial Act. The government agrees that some continuance is warranted and does not oppose a continuance to the February 14, 2023, jury docket, but does oppose a longer continuance as not in the public's or alleged crime victim's interests. Response at 1, 5.

Upon consideration of the parties' submissions and the legal standards, the Court finds that the ends of justice served by the granting of a continuance to February 14,

---

[1] As noted as a possibility in the Order setting the Motion for hearing ([Doc. No. 30 at n.1]), the Court has determined that a hearing is unnecessary. Accordingly, the Court strikes the hearing on the Motion.

2023, "outweigh the best interests of the public and the defendant in a speedy trial." *See* 18 U.S.C. § 3161(h)(7)(A). Accordingly, the Court GRANTS the Motion IN PART and continues the trial setting to **February 14, 2023**.

I.  **Background**

A federal grand jury charged Defendants in a ten-count Indictment returned on May 17, 2022: Blaine Dyer was charged in counts 1 through 10, and James Dyer was charged in counts 1 through 8. [Doc. No. 1]. On June 9, 2022, a United States Magistrate Judge arraigned both Defendants. Following the arraignments and not guilty pleas, the judge released Defendants on bond with standard and special conditions of release. [Doc. Nos. 13, 17]. The case is currently set for jury trial before the undersigned judge on July 12, 2022. [Doc. No. 21].

Defendants filed the Motion, seeking to continue the trial date until May or June, 2023. First, counsel for Defendants lists other trials: Mr. Gifford lists trials set to begin on July, August, and September of 2022, and Mr. Wyatt lists trials set to begin in July, September, October, and November (possibly December) of 2022. Motion at 4–7. Counsel request additional time to effectively prepare for this case given these other trials.

Second, defense counsel requests additional time to review a large volume of discovery. This discovery (up to 1.68 terabytes) has been made available to Defendants. Response at 3. Defendants' counsel also contends that it will take time to retain experts in this case, who will need to review the discovery. Motion at 7. Both parties apparently

agree that this case is complex, Motion at 3, but the government contends that the case is "not as complex as Defendants maintain" because only a relatively small number of documents are actually relevant (many of which were produced earlier in the case), and Defendants already know the key facts and witnesses. Response at 3.

## II.     Speedy Trial Act

### A. Legal standards

The relevant provisions of the Speedy Trial Act, specifically 18 U.S.C. § 3161(h)(7)(A), exclude from the speedy-trial calculation any period of delay resulting from a continuance granted by any judge on the judge's own motion or at the request of either or both parties and their counsel if the judge finds that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. The Speedy Trial Act gives the Court some discretion to "accommodate limited delays for case-specific needs." *Zedner v. United States*, 547 U.S. 489, 499 (2006). The Court must also "protect the interests of the public by ensuring adherence to the requirements of the Speedy Trial Act." *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009) (citing 18 U.S.C. § 3161(h)(7)(A)).

"The ends-of-justice exception to the otherwise precise requirements of the Act was meant to be a rarely used tool for those cases demanding more flexible treatment." *Toombs*, 574 F.3d at 1269 (cleaned up). "[T]he record must clearly establish the district court considered the proper factors at the time such a continuance was granted," but

"the district court need not articulate facts which are obvious and set forth in the motion for the continuance itself." *Id.* (citations omitted).

Both Defendants submitted waivers of their speedy-trial rights, [Doc. Nos. 28 and 29], acknowledging their understanding of their rights and waiving their rights for purposes of the requested continuance.

### B. Discussion

The Court finds that the Motion and Response present case-specific needs that justify the requested continuance to February 2023, based on defense counsel's need to adequately prepare defenses, to review all relevant discovery, to retain experts (and have them review the discovery and prepare their conclusions), and to provide adequate representation given defense counsel's other trials between July and November or possibly December 2022. While the parties may not need to review all 1.68 terabytes of data in this case, both sides and their experts will likely need to review and analyze thousands of documents in order to "carefully piece[] together" transactions in this case. *See United States v. Gordon*, 710 F.3d 1124, 1158 n.33 (10th Cir. 2013) (affirming § 3161(h)(7) continuance in complex securities-fraud case); *see also id.* at 1158–59 (collecting cases holding that volume of discovery can warrant an ends-of-justice continuance under § 3161(h)(7)). The Court incorporates the undisputed arguments from the Motion and Response, which agree that a continuance to February 2023 is appropriate. *See Toombs*, 574 F.3d at 1269 (court "need not articulate facts which are obvious and set forth in the motion for the continuance itself"). The Court also

acknowledges that cases like this are often more complicated to resolve than other criminal matters. Motion at 14.

Denying the unopposed continuance to February 2023 would deny Defendants' counsel the reasonable time necessary for effective preparation considering the exercise of due diligence, and the delay is necessary for the Defendants and their counsel to prepare a proper and adequate defense. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). The delay resulting from the continuance to February 2023 is excludable under the Speedy Trial Act under 18 U.S.C. § 3161(h)(7)(A) based on the Court's finding herein that the "ends of justice served by granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *See Zedner*, 547 U.S. at 499 (Speedy Trial Act gives the Court discretion to "accommodate limited delays for case-specific needs").[2]

However, the Court finds that a continuance to May or June 2023 is not warranted based on what has been presented in the Motion. As the government notes, only a fraction of the 1.68 terabytes of information is likely relevant—the government merely produced everything it has gathered in its investigation "out of an abundance of caution." Response at 2–3. The government produced load files so that Defendants can more easily upload, search, and cull the document production, and the government flagged and produced the key "hot docs" as early as May 26, 2022. *Id.* at 4. The Court finds that if counsel are reasonably efficient and diligent, they will be able to prepare this case for

---

[2] The Act also excludes delay resulting from the Court's consideration and disposition of the Motion, and the Court excludes the delay between the filing of the Motion on June 24, 2022, and this Order. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H).

trial by February 2023. *See Toombs*, 574 F.3d at 1269 (ends-of-justice continuances should be a "rarely used tool for those cases demanding more flexible treatment").

Additionally, Continental Resources, Inc., the primary alleged victim in this case, sued Defendants in state court over two years ago related to these same facts and circumstances, and discovery in that case commenced long ago. *See Continental Resources, Inc. v. Blaine M. Dyer, et al.*, Oklahoma County Case No. CJ-2020-1920 (filed Apr. 20, 2020). Defendants are alleged in both cases to have been involved in a scheme to defraud Continental Resources, Inc., and as the government notes, there is undoubtedly a significant factual overlap between the discovery in both cases. *See* Response at 2. Defendants did not start this criminal case with a "blank slate" or zero knowledge of the key documents, witnesses, or accusations against them.

Defendants have also failed to tie their specific request for a continuance to May or June 2023 to any specific need. *See Toombs*, 574 F.3d at 1271 ("the record, which includes the oral and written statements of both the district court and the moving party, must contain an explanation of why the mere occurrence of the event identified by the party as necessitating the continuance results in the need for additional time"). The Motion lists trials in other matters (of unknown simplicity, complexity, or impact on this case)[3] until possibly December 2022, but does not tie the requested five or six months of

---

[3] *See Toombs*, 574 F.3d at 1271–72 ("Simply identifying an event, and adding the conclusory statement that the event requires more time for counsel to prepare, is not enough."). *See also United States v. Larson*, 627 F.3d 1198, 1207 (10th Cir. 2010) (district court's findings were insufficient to exclude period of time in the ends of justice because court failed to discuss how much time defense counsel needed to prepare for trial and what preparations he had already made, meaning court could not have adequately

continued time *after* December 2022 to any case-specific need or resulting prejudice if the continuance is denied. While the Court acknowledges that counsel for each party has other cases, the prosecution and defense of this case is not stayed until those cases conclude in November or December 2022. Counsel will no doubt have new cases with new deadlines, but that reality does not justify a continuance of this case. Indeed, the Speedy Trial Act presupposes that counsel (and the Court) will have several matters pending at any given time, and the existence of other cases alone does not justify a continuance. *See, e.g.*, 18 U.S.C. § 3161(h)(7)(B)(iv) (requiring counsel for both sides to exercise due diligence); *id.* § 3161(h)(7)(C) ("No continuance under subparagraph (A) of this paragraph shall be granted because of general congestion of the court's calendar . . . .").

Finally, while the Defendants make passing mention of the public's interest in a speedy trial, *see* Motion at 8, they fail to demonstrate how a continuance to May or June 2023 is in the public's best interest. The Court must find that the ends of justice served by a continuance outweighs "the best interests of the public" in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)). *See also Zedner*, 547 U.S. at 501 ("[T]he Act was designed with the public interest firmly in mind."); *Toombs*, 574 F.3d at 1268 ("The Speedy Trial Act is designed to protect a criminal defendant's constitutional right to a speedy trial and serve

---

analyzed counsel's exercise of due diligence as 18 U.S.C. § 3161(h)(7)(B)(iv) requires); *United States v. Stimatze*, No. 10-40027-01-SAC, 2010 WL 864477, at *3 (D. Kan. Mar. 10, 2010) (after *Toombs*, a continuance motion should include, among other things, "the following details about the other proceedings: the nature, complexity, venue, location, any conflicting dates, expected length, and when the other proceedings were first scheduled for the conflicting dates, if any").

the public's interest in bringing prompt criminal proceedings."). As these cases demonstrate, the public has a strong interest in promptly getting this matter resolved.[4] As the Court has already determined, Defendants have not sufficiently tied the request for a continuance after February 2023 to any case-specific needs, and the Court believes that, exercising diligence, counsel can adequately prepare this case for trial by February 2023. Accordingly, considering the factors in 18 U.S.C. § 3161(h)(7)(B), the Court does not find that the ends of justice served by a continuance to May or June 2023 outweigh the best interests of the public in a speedy trial.

### III. The Sixth Amendment Right to a Speedy Trial

In discharge of its duty to protect the Defendants' constitutional rights to a speedy trial under the Sixth Amendment, the Court also considers: (1) the length of the delay; (2) the reason for the delay; (3) whether the Defendants have asserted their rights to a speedy trial; and (4) whether the delay will prejudice the Defendants. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). Analyzing these factors, the Court finds that the reasonable and limited delay in bringing the Defendants to trial in February 2023 is justified for the reasons articulated in this Order.

The Court is aware of no circumstances that would suggest that the delay contemplated by this Order will prejudice either Defendant. To the contrary, each Defendant has acknowledged his rights and has requested this delay as being in his best

---

[4] Alleged crime victims also have "the right to proceedings free from unreasonable delay," 18 U.S.C. § 3771(a)(7), and this is another reason to grant the Motion only in part and to the extent agreed by the government.

interests. [*See* Doc. Nos. 28–29]. However, the Court expresses its expectation and confidence that the government and its agents will take no action during this limited delay that would impair the Defendants' rights to effective assistance of counsel and to a fair trial. The Court advises the parties of its expectation that counsel will promptly bring to the Court's attention any actual or impending developments or circumstances that would, as a result of this delay, jeopardize the Defendants' constitutional or statutory rights.

### IV. <u>Conclusion</u>

In summary, the Court finds that a continuance to February 2023 is necessary for Defendants' counsel to effectively prepare an adequate defense in this case, but a continuance beyond that is not supported in the Motion. The government must not delay in meeting its discovery obligations so that the parties and counsel can effectively and adequately prepare the case for trial, particularly given the defendants' indications that they plan to engage expert witnesses and the anticipated pretrial motion practice. Any discovery issues should promptly be brought to the Court's attention. The parties should not anticipate further continuances and should plan for trial to commence in February 2023.

The Court therefore **CONTINUES** the trial of the above-captioned matter to the Court's **February 14, 2023,** trailing jury trial docket. All unsatisfied deadlines listed in the Court's Order [Doc. No. 22] are **CONTINUED**. The Court will separately issue an amended order placing this case on the Court's February 2023 trial docket and modifying

the pretrial deadlines to allow the Court sufficient time to consider all pretrial motions in advance of the trial date.

    IT IS SO ORDERED this 11th day of July 2022.

                                          JODI W. DISHMAN
                                          UNITED STATES DISTRICT JUDGE