IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-22-00209-JD |
| | ) | |
| BLAINE DYER and JAMES ("JIMMY") DYER, | ) ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Before the Court is Defendant James Dyer's Motion for Discovery of Jury Records [Doc. No. 60] brought pursuant to the Jury Selection and Service Act, 28 U.S.C. § 1861 et seq. ("JSSA"), and the Fifth and Sixth Amendments to the United States Constitution, a motion which the Court allows Defendant Blaine Dyer to join.[1]

Defendants seek an order of the Court permitting them discovery of all the records related to the selection of the grand jury that returned the indictments in this matter, the petit jury that will be selected to try this matter, and the implementation of the jury selection plan for this Court. Defendants request this information based on a belief that the Court's jury selection plan constitutes "unconstitutional 'gerrymandering' of jurors from only certain counties." *See* Motion to Strike and Challenge Jury Array, Jury

---

[1] Defendant Blaine Dyer moved [Doc. No. 99] to join in James Dyer's motion, and the government does not oppose his joinder [Doc. No. 119]. Therefore, the Court grants the Motion for Joinder as it relates to the instant Motion for Discovery.

Panel(s), and Dismiss Indictment [Doc No. 61] at 1.² The government opposes the requested relief. [Doc. No. 63].³

> The JSSA provides:
>
> The contents of records or papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed, except pursuant to the district court plan or as may be necessary in the preparation or presentation of a motion under . . . this section . . . . The parties in a case shall be allowed to inspect, reproduce, and copy such records or papers at all reasonable times during the preparation and pendency of such a motion. . . .

28 U.S.C. § 1867(f).

The Supreme Court has held that "[t]his provision makes clear that a litigant has essentially an unqualified right to inspect jury lists." *Test v. United States*, 420 U.S. 28, 30 (1975).

> [Section 1867(f)] grants access in order to aid parties in the 'preparation' of motions challenging jury-selection procedures. Indeed, without inspection, a

---

² The Court uses ECF page numbering.

³ The government argues that the request for discovery should be denied because the Motion to Strike is, in its view, untimely under § 1867(a). *See* [Doc. No. 63 at 1 (arguing the "substantive" claim is "procedurally barred")]. *United States v. Sanders* is one case cited by the government where the court denied a defendant access to requested records based, in part, on the untimeliness of the substantive motion under § 1867(a). No. CR-01-15-FHS, 2009 WL 3335349 (E.D. Okla. Oct. 14, 2009). In that case, however, the defendant waited "more than eight years after the voir dire examination in his case" to request the jury records. *Id.* at *1. The other case the government points to, *United States v. Windrix*, made no finding on whether the Court could deny discovery based on § 1867(a)'s time requirements; at most, it states that denying access under these circumstances could amount to harmless error. 405 F.3d 1146, 1157 (10th Cir. 2005). Finally, Defendants raise a Sixth Amendment challenge in the Motion to Strike, which the government has represented may not be subject to § 1867(a)'s time requirements. *See* [Doc. No. 78] at 3 n.2. In these circumstances, the Court rejects the argument that the timeliness of the Motion to Strike forecloses the request for discovery of appropriate jury selection records under § 1867(f).

party almost invariably would be unable to determine whether he has a potentially meritorious jury challenge. Thus, an unqualified right to inspection is required not only by the plain text of the statute, but also by the statute's overall purpose of insuring 'grand and petit juries selected at random from a fair cross section of the community.'

*Id.* (quoting 28 U.S.C. § 1861); *see also United States v. Lawson*, 670 F.2d 923, 926 (10th Cir. 1982). Further, *In re: Random Selection of Grand and Petit Jurors*, Gen. Order No. 09-02 (W.D. Okla. Mar. 4, 2009), provides that a party filing a motion under § 1867 "shall be allowed to inspect, reproduce, and copy such records or papers at all reasonable times during the preparation and pendency of such motion." *Id.* at 5 ¶ (M).

Defendants have shown they are entitled to at least some of the relief requested. Although this right is essentially unqualified, "it is not unlimited." *United States v. Koerber*, No. 2:17-CR-37-RJS-PMW, 2017 WL 2992090, at *2 (D. Utah July 13, 2017). Defendants challenge the Court's jury selection process based on a belief that the jurors from several counties in the Western District of Oklahoma are not considered for jury service. Defendants broadly and vaguely request access to *all* records relating to the grand jury that returned the indictments in this matter, the petit jury that will be selected to try this matter, and the implementation of the jury selection plan for this Court. But they do not show they are entitled to all records, nor do they specify or enumerate the requests; § 1867(f) only allows them access to records "necessary in the preparation or presentation" of their motion. Thus, the Clerk of Court is directed to provide the

ascertainable information she maintains that currently exists and is necessary to the preparation or presentation of the Motion to Strike [Doc. No. 61], as set forth below.[4]

IT IS THEREFORE ORDERED that the Motion for Discovery of Jury Records [Doc. No. 60] is GRANTED as ORDERED and DIRECTED by the Court, subject to the parties' compliance with the confidentiality and other requirements of *In re: Random Selection of Grand and Petit Jurors*, General Order 09-02 (W.D. Okla. Mar. 4, 2009) and the Protective Order set forth below.

IT IS FURTHER ORDERED that the Clerk of Court shall provide access to the materials from which the following juries were selected: (1) the grand jury that returned the Indictment [Doc. No. 1], filed on May 17, 2022, (2) the grand jury that returned the Superseding Indictment [Doc. No. 84], filed on December 19, 2022, and (3) the petit jury for the January 2023 trial docket. The Clerk shall also disclose currently available demographic information concerning the pool of jurors summoned for the February 2023 jury trial docket, with geographic information limited to the county of residence. The Clerk shall <u>not</u> disclose any other identifying information about any juror, including, but not limited to, names, addresses, telephone numbers, full dates of birth, or social security numbers.

---

[4] This approach is consistent with recent orders that the undersigned judge finds persuasive. *See United States v. Rincon*, Case No. CR-19-330-SLP, [Doc. No. 76] (W.D. Okla. Aug. 7, 2020); *United States v. Hunt*, Case No. CR-19-73-R, [Doc. No. 123] (W.D. Okla. Aug. 31, 2020); *United States v. Ashford*, Case No. CR-21-39-G, [Doc. No. 83] (W.D. Okla. Aug. 4, 2021).

IT IS FURTHER ORDERED that the United States shall be provided a copy of any information disclosed to Defendants pursuant to this Order.

IT IS FURTHER ORDERED that Defendants may jointly file a <u>sealed</u> supplemental brief in support of the Motion to Strike [Doc. No. 61] within two calendar days of receiving the materials provided by the Clerk. Any supplement shall discuss only the matters raised in the Motion to Strike [Doc. No. 61] and shall also discuss *United States v. Green*, 435 F.3d 1265 (10th Cir. 2006).

Finally, IT IS ORDERED that disclosure of the materials is subject to the following PROTECTIVE ORDER:

1. The materials may be used only in connection with the preparation and presentation on a motion in this case challenging the Court's jury selection process. The materials may not be used for purposes of jury selection, trial, or any other matter.

2. The parties must return the materials to the Court at the commencement of jury selection. Alternatively, the parties may certify to the Court that the materials, including any duplication of the materials, have been destroyed.

3. The parties shall not disclose the materials obtained pursuant to this Order to any third parties and are admonished that the information is only to be reviewed by counsel who have entered an appearance in this case.

4. Defendants shall not possess the materials at any time. Defendants shall review the materials only with counsel present.

5. The Clerk of Court shall file a sealed copy of any materials produced and shall indicate the date the materials were provided to each Defendant.

**PENALTIES:** The parties are reminded that "[a]ny person who discloses the contents of any record or paper in violation of [§ 1867(f)] may be fined not more than $1,000 or imprisoned not more than one year, or both." 28 U.S.C. § 1867(f).

IT IS SO ORDERED this 24th day of January 2023.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE