IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-22-00209-JD |
| ) | |
| BLAINE DYER and JAMES ("JIMMY") ) | |
| DYER, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Defendant James Dyer's Motion to Compel Disclosure of Grand Jury Transcripts, Grand Jury Subpoenas, and Rule 6(e) List ("Motion") [Doc. No. 54]. Defendant Blaine Dyer joins in, adopts, and incorporates on his behalf the Motion [Doc. No. 99].[1] The government responded in opposition [Doc. No. 79].

Under Federal Rule of Criminal Procedure 6(e)(3)(E)(i), "[t]he Court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter . . . preliminarily to or in connection with a judicial proceeding . . . ." When considering a request to disclose grand jury materials, the Tenth Circuit has observed there is a presumption against disclosure unless the moving party meets the demanding test established in *Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211 (1979). *In re Lynde*, 922 F.2d 1448, 1451–52 (10th Cir. 1991);

---

[1] The United States does not object to Blaine Dyer joining this motion but contends it should be denied for the same reasons as James Dyer's motion. *See* [Doc. No. 119 at 5; Doc. No. 79].

*see also United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 442–43 (1983) (explaining that a court is authorized to order disclosure but only upon "a strong showing of particularized need for grand jury materials").

"The prerequisites for disclosure of grand jury materials are demanding." *In re Grand Jury 95-1*, 118 F.3d 1433, 1437 (10th Cir. 1997). The most important consideration is whether movants make "a strong showing of particularized need" for grand jury materials. *United States v. Warren*, 747 F.2d 1339, 1347 (10th Cir. 1984); *see also Sells Eng'g*, 463 U.S. at 443. Movants must also demonstrate "'that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed.'" *Lynde*, 922 F.2d at 1451–52 (quoting *Douglas Oil*, 441 U.S. at 222); *see also United States v. Edge*, 315 F. App'x 92, 96 (10th Cir. 2009) (unpublished) (agreeing with the district court's decision to deny grand jury materials where the defendant neither presents a particularized need nor adequately overcomes the presumption against disclosure of the grand jury materials).

Defendants' request fails at every step, as they do not demonstrate particularized need for any grand jury material or show their request meets the other prerequisites of disclosure. The closest Defendants come to showing some degree of need is their argument that grand jury materials are necessary for impeachment of witnesses called by the government at trial. *See* Motion at 7–9. Defendants assert that some witnesses have assisted in the government's investigation and that their "bias, influence, and receipt of favorable treatment should not be hidden from scrutiny." *Id.* at 4. The government

2

explains that it has already produced to Defendants all statements, including those made before the grand jury, by fact witnesses the government anticipates calling at trial, and Defendants do not explain how the grand jury materials they seek will shed any further light on those topics. This is insufficient to make "a strong showing of particularized need." *See Warren*, 747 F.2d at 1347.

Defendants also state that it "appears" that the government is collaborating and sharing documents with Continental Resources, Inc. ("Continental"), the alleged victim in this case. Motion at 2. They point out that the discovery produced by the government contains documents that originated from the law firm representing Continental in a civil suit. They then generally state that disclosure of any documents obtained pursuant to grand jury subpoena to Continental would violate their rights. Significantly, Defendants do not make any allegation that disclosure of grand jury material to Continental has occurred here. Defendants' reliance on vague allegations and innuendo is insufficient to show particularized need for the requested grand jury materials.

Further, while Defendants quote the standard set forth in *Douglas Oil*, *see* Motion at 8, they do not show how the materials they request are necessary to avoid a possible injustice in another judicial proceeding. They also fail to demonstrate that the need for disclosure outweighs the need for continued secrecy. Finally, rather than seeking disclosure of materials on specific topics or matters, Defendants seek broad categories of

grand jury materials, and they make no effort to structure their request such that it covers only necessary materials.[2]

Based on the parties' submissions, and under the relevant law, the Court **DENIES** Defendant James Dyer's Motion to Compel Disclosure of Grand Jury Transcripts, Grand

---

[2] The conclusion that Defendants have not shown entitlement to materials includes their request for a copy of a Rule 6(e) list. Regarding a list, Rule 6(e) states in relevant part:

> (A) Disclosure of a grand-jury matter—other than the grand jury's deliberations or any grand juror's vote—*may* be made to: (i) an attorney for the government for use in performing that attorney's duty; [or] (ii) any government personnel . . . that an attorney for the government considers necessary to assist in performing that attorney's duty to enforce federal criminal law . . . .
> (B) A person to whom information is disclosed under Rule 6(e)(3)(A)(ii) may use that information only to assist an attorney for the government in performing that attorney's duty to enforce federal criminal law. An attorney for the government must promptly provide *the court* that impaneled the grand jury with the names of all persons to whom a disclosure has been made, and must certify that the attorney has advised those persons of their obligation of secrecy under this rule.

Fed. R. Crim. P. 6(e)(3)(A)–(B) (emphasis added). Here, the Motion is speculative. *See* Motion at 3. It provides no indication that disclosure has been made under Rule 6(e)(3)(A)(ii) or that the obligation of secrecy outlined in subsection (B) has been violated, and the Court is unaware of any disclosure or violation. Moreover, the Motion does not indicate how Rule 6(e) authorizes the requested disclosure of this information to the defense. The Court does not see a remedy available to Defendants under these circumstances and based on the lack of showing in the Motion. *Cf. United States v. Kilpatrick*, 821 F.2d 1456, 1471 (10th Cir. 1987) ("The Rule 6(e) proscription is on the use of the grand jury material and not who obtains it. Furthermore, the fact that the grand jury returned an extensive indictment is probative evidence that it was not abused to obtain evidence for civil purposes.") (citations omitted).

Jury Subpoenas, and Rule 6(e) List [Doc. No. 54], which Defendant Blaine Dyer joins in, adopts, and incorporates on his behalf [Doc. No. 99].[3]

    IT IS SO ORDERED this 7th day of February 2023.

                                              JODI W. DISHMAN
                                              UNITED STATES DISTRICT JUDGE

---

[3] Blaine Dyer's Notice of Motion and Motion for Joinder in Motions of Co-Defendant James Dyer [Doc. No. 99] is granted only to the limited extent that Blaine Dyer is allowed to join in James Dyer's Motion [Doc. No. 54], but it is otherwise denied on the merits as to that issue. The Court will rule on the other joinder aspects as they arise with each individual motion.