IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) ) Case No. CR-22-00209-JD |
| BLAINE DYER and JAMES ("JIMMY") DYER, | ) ) ) ) |
|     Defendants. | ) ) |

## ORDER

Before the Court are motions to sever filed by Defendants Blaine and James Dyer [Doc. Nos. 52 and 96].[1] The government has filed responses to each [Doc. Nos. 59 and 110]. Upon consideration of the parties' submissions, and for the reasons set forth below, the Court denies the motions to sever the trial.

**I.    BACKGROUND**

The Superseding Indictment [Doc. No. 84] charges Blaine and James Dyer with violations of federal law in connection with an alleged scheme, lasting from around November 2013 until around June 2020, to defraud Continental Resources, Inc. ("Continental") of land and mineral lease acquisitions by using Continental's confidential business information involving future drilling and leasing plans. The Superseding Indictment includes against Blaine and James Dyer one count for Conspiracy to Commit

---

[1] Defendant Blaine Dyer also moves to join in and incorporate on his behalf Defendant James Dyer's motion to sever. [Doc. No. 99]. The government objects to his joining James Dyer's motion. [Doc. No. 119].

Honest Services Wire Fraud, in violation of 18 U.S.C. § 1349, and seven counts of Honest Services Wire Fraud, in violation of 18 U.S.C. §§ 1346 and 1343. Blaine Dyer is solely charged in three counts of making a false statement on a loan application, promissory note, or commercial guaranty, in violation of 18 U.S.C. § 1014.

Both Blaine and James Dyer seek severance for mostly the same reasons. They each assert that a severance is warranted due to (1) spillover prejudice, (2) mutually antagonistic defenses, and (3) the Confrontation Clause of the Sixth Amendment. James Dyer alternatively requests that the Court sever the counts in the Superseding Indictment that charge him with an offense (Counts 1–8) from the counts that do not (Counts 9–11).

## II.     DISCUSSION

Under Federal Rule of Criminal Procedure 8(b), joinder of defendants is proper "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Rule 14(a) grants the court discretion to sever the trials of one or more defendants if joinder would result in "actual prejudice." *United States v. Clark*, 717 F.3d 790, 818 (10th Cir. 2013) (citations omitted).

Severance should be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* (citation omitted). The Tenth Circuit recognizes "a presumption in a conspiracy trial that co-conspirators charged together preferably should be tried together." *United States v. Pursley*, 577 F.3d 1204, 1215 (10th Cir. 2009); *see also United States v. Pack*, 773 F.2d 261, 266 (10th Cir. 1985) ("The general rule in conspiracy cases is that persons indicted together should be tried

2

together."). "The defendant has the burden of clearly showing prejudice would result from a joint trial." *United States v. Troutman*, 814 F.2d 1428, 1447 (10th Cir. 1987).

To show actual prejudice "[i]t is not enough to show that separate trials may have afforded a better chance of acquittal. Rather, to demonstrate prejudice, a defendant must show the right to a fair trial is threatened or actually impaired." *United States v. Thomas*, 849 F.3d 906, 912 (10th Cir. 2017) (citations omitted); *see also United States v. Valentine*, 706 F.2d 282, 290 (10th Cir. 1983) ("[T]he mere fact that a defendant may have a better chance for acquittal by separate trials of charges is not sufficient to require severance."). Beyond showing that a denial of severance would result in actual prejudice, a defendant must show "that this prejudice would 'outweigh' the expense and inconvenience of separate trials." *United States v. Hutchinson*, 573 F.3d 1011, 1025 (10th Cir. 2009) (citation omitted).

The first basis for showing actual prejudice provided by Defendants is the potential for spillover prejudice. Each asserts that he will suffer prejudicial harm as the result of the entry of evidence admissible against his co-defendant but not admissible against him. Neither Blaine nor James identifies specific evidence, or even a category of evidence, that causes this concern.[2]

"[A] risk of prejudice 'might occur' when prejudicial evidence that would be inadmissible against a defendant, if tried alone, is admitted against a codefendant in a

---

[2] Indeed, at the *James* hearing held on Friday, February 3, 2023, the Court told the parties that if they had some specific evidence or showing of prejudice, they must file that with the Court by Monday, February 6, 2023. The parties have not sought to add to their prior submissions, and so the Court is left with mere allegations and no showing.

joint trial." *United States v. Wardell*, 591 F.3d 1279, 1300 (10th Cir. 2009) (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)). But "the nearly insuperable rule in this circuit is that a defendant cannot obtain severance simply by showing that the evidence against a co-defendant is more damaging than the evidence against h[im]self." *Id.* (citations omitted). "[D]isparity in evidence, and in culpability, does not mandate severance in a conspiracy trial involving overlapping facts and proof." *Id.* at 1301. Further, "neither a mere allegation that defendant would have a better chance of acquittal in a separate trial nor an argument that evidence against one defendant would have a 'spillover effect' on another defendant demonstrates prejudice." *United States v. Jones*, 530 F.3d 1292, 1303 (10th Cir. 2008) (citation omitted). The Tenth Circuit has recognized that district courts can take measures, including by giving proper limiting instructions, to negate any risk of spillover prejudice. *See Wardell*, 591 F.3d at 1301; *United States v. Pinto*, 838 F.2d 426, 434 (10th Cir. 1988). Therefore, Defendants have not shown that the risk, if any, of spillover prejudice in this case is sufficient to overcome the presumption of a single trial.

Defendants next argue that mutually antagonistic defenses warrant severance. James Dyer explains that his defense is partially based on Blaine Dyer's influence over him due to Blaine Dyer's legal training, experience, and age. He asserts that Blaine Dyer and others may have possibly misled him. Blaine Dyer does not offer similar details about his potential defense.

To justify severance based on a conflict between co-defendants' defenses, the defenses must be "so antagonistic that they are mutually exclusive." *Jones*, 530 F.3d at

1304. Defenses are mutually exclusive when "the jury, in order to believe the core of one defense, must *necessarily* disbelieve the core of the other." *Id.* (quoting *United States v. Dazey*, 403 F.3d 1147, 1165 (10th Cir. 2005) (emphasis added in *Jones*). It is not clear to the Court that the jury, to believe James Dyer's potential defense, would have to disbelieve anything about a defense Blaine Dyer might assert. Neither Blaine nor James Dyer has identified any defense that is mutually exclusive of the other's defense. Therefore, the Court finds that a severance is not warranted based on a conflict between Defendants' anticipated defenses.

Defendants both raise the Confrontation Clause of the Sixth Amendment as a reason to sever the trial. They argue that a joint trial would compromise their rights to confront their respective co-Defendant. The government states that it intends to offer only statements made by Defendants admissible under Federal Rule of Evidence 801(d)(2)(E) such that the Confrontation Clause is not implicated.

On February 3, 2023, the Court held a *James* hearing, as requested by Defendants. [Doc. Nos. 55 and 98]; *see* Minute [Doc. No. 158]. Prior to that hearing, the government filed a sealed Notice of Coconspirator Statements [Doc. No. 140], which included documentation and explanation of statements the government anticipates it might seek to admit at trial under Rule 801(d)(2)(E).[3] At the hearing, Defendants expressly agreed that none of the statements included in the Notice constituted testimonial hearsay and that no

---

[3] At the hearing, the government explained that out of an abundance of caution and due to time constraints, it noticed more statements than it believed it would seek to admit at trial.

confrontation issue under *Bruton v. United States*, 391 U.S. 123 (1968) and *Crawford v. Washington*, 541 U.S. 36 (2004) is apparent at this time. Accordingly, severance is not warranted for this reason.

Finally, the Court finds that James Dyer has not established that Counts 9–11 of the Superseding Indictment should be severed. James Dyer generally alleges that the charges against Blaine Dyer for making a false statement on a loan application, promissory note, or commercial guaranty are "wholly unrelated" to the charged conspiracy, meant only to "dirty up" Blaine Dyer, and would be confusing to the jury. [Doc. No. 52] at 10.

First, the false statement counts against Blaine Dyer are not improperly joined because they are clearly related to the charged conspiracy. Those counts allege that Blaine Dyer represented to lending institutions that there was no pending or threatened litigation against him that would materially affect his financial condition despite knowing that he was a named defendant in a state civil lawsuit and the target of a federal criminal investigation.[4] Federal Rule of Criminal Procedure 8(a) permits joinder of counts if the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Further, Rule 8(b) explains that all defendants joined in an indictment "need not be charged in each count."

---

[4] Counts 9 and 11 also allege Blaine Dyer represented that the primary purpose of the loan was business when he knew it was personal. *See generally* Superseding Indictment [Doc. No. 84] ¶¶ 26, 30.

Second, James Dyer does not explain how joinder of the false statement charges prejudices him. To obtain a severance of counts, James Dyer must show "clear prejudice resulting from [the] joinder at trial." *United States v. Strand*, 617 F.2d 571, 575 (10th Cir. 1980). While the charges in Counts 9–11 are related to the other counts in the Superseding Indictment, they do allege discrete conduct by Blaine Dyer not involving James Dyer. And James Dyer has not shown how the jury would be unable to distinguish between the counts charging him with an offense and the false statement counts charging only Blaine Dyer or that proper limiting instructions could not negate any prejudice arising out of joinder of the claims. *See United States v. Tucker*, 502 F. App'x 720, 725 (10th Cir. 2012) (unpublished). The Court thus declines to sever counts 9–11 of the Superseding Indictment.

The "heavy burden" of establishing that severance is appropriate lies with Defendants. *See United States v. McConnell*, 749 F.2d 1441, 1444 (10th Cir. 1984). Having considered the parties' submissions, Defendants' allegations of anticipated prejudice are merely speculative. At this point, they do not warrant a severance. The Court, however, is mindful of its "continuing duty at all stages of the trial to grant a severance if prejudice does appear." *United States v. Peveto*, 881 F.2d 844, 857 (10th Cir. 1989) (quotations and citation omitted).

## III. <u>CONCLUSION</u>

For these reasons, and based on the parties' submissions and relevant law, the Court DENIES Defendants' motions to sever [Doc. Nos. 52 and 96].[5]

IT IS SO ORDERED this 8th day of February 2023.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[5] Defendant Blaine Dyer's motion to join James Dyer's motion to sever [Doc. No. 99] is granted in that the Court has analyzed all arguments asserted in James Dyer's motion that are applicable to Blaine Dyer as though he asserted them himself, but it is denied in all other respects as it relates to severance of the trial.